UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA MORTON,                                           **DECISION AND ORDER**

                                                        07-CV-00469(M)

                              Plaintiff,

v.

OTIS ELEVATOR COMPANY,

                              Defendant.
_____

       In this action, plaintiff Linda Morton seeks to recover for personal injuries allegedly sustained on August 30, 2004 due to the malfunction of an elevator maintained by defendant Otis Elevator Company ("Otis"). The parties have consented to a trial before a Magistrate Judge [80].[1] Before me is plaintiff's motion pursuant to Fed. R. Civ. P. ("Rule") 42(b) for bifurcation and separate trials on liability and damages [88]. Oral argument was held on January 9, 2012 [92]. For the following reasons, the motion is granted.


**BACKGROUND**

       Plaintiff alleges that she sustained serious personal injuries on August 30, 2004 when the doors of a surgical elevator at Women and Children's Hospital in Buffalo "abruptly slammed closed on her left hand". Complaint [88-2], ¶6. At her deposition plaintiff testified that she was wheeling a patient's bed into an elevator when the elevator door "shut real fast and it hit the . . . rim of the bed, which mashed my hand" ([89-1], p.53). She asserted various causes of action against Otis, including products liability and negligence. In a decision dated June 3, 2011 [75], District Judge John T. Curtin granted summary judgment dismissing all of plaintiff's claims except the

_____

[1]      Bracketed references are to the CM/ECF docket entries.

claim for negligent maintenance of the elevator. Discovery is complete, and the case is now ready for trial.

In seeking separate trials, plaintiff argues that there will be highly technical issues as to both liability and damages, and suggests that "[i]t would be difficult for the jury to compartmentalize the information if separate trials are not conducted. Moreover, judicial economy would be better served by trying the claims separately because the time required to try the claims separately would hardly be any greater than that required to try them together. In addition, should the jury on the liability portion of the trial find for the defendant, Otis, there would be no need for either the Court, the Plaintiff, or Otis to bear any further time and expense presenting evidence of damages." Booth Affirmation [88-1], ¶9.

In opposing the motion, Otis argues that "[p]laintiff's credibility as to how the accident occurred is called into question by her own liability expert", and that it "will be prejudiced if a damages jury is precluded from hearing the conflicting testimony between Plaintiff and her own expert". Mooney Declaration [89], ¶17. It further notes that "[a] damages jury would need to hear the same testimony from Plaintiff concerning the happening of the accident and the method, manner, and force in which the door allegedly struck Plaintiff's hand to evaluate causation of her alleged . . . injury to her wrist, causation of her alleged cervical spine injury resulting in cervical fusion surgery, and her claims for pain, suffering and damages." Id., ¶11.

While maintaining that plaintiff has not established her entitlement to separate trials, Otis suggests that "if the court grants Plaintiff's motion for bifurcation, the court should also order that the damages trial be tried before the same jury immediately after the liability trial". Otis' Memorandum of Law [89-2], p.8. At oral argument, plaintiff's counsel agreed to this proposal.

# ANALYSIS

Rule 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more issues, claims, cross-claims, counterclaims, or third-party claims". "The decision whether to bifurcate a trial into liability and damage phases is a matter within the sound discretion of the district court . . . . In exercising this discretion, the court must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." Witherbee v. Honeywell, Inc., 151 F.R.D. 27, 29 (N.D.N.Y. 1993). "[D]ecisions pursuant to Rule 42(b) do not involve a 'bright-line test' and instead require case by case analysis." Raposo v. Honda Motor Co., Ltd., 1996 WL 63526, *3 (N.D.N.Y.1996).

Other than the plaintiff herself, there appears to be little overlap between liability and damages witnesses. The potential for saving the parties' and court's time in the event of a defense verdict on liability is a significant consideration. "In the event that the jury determines that [defendant] is not liable for plaintiffs' injuries, the court and parties will save the time and expense associated with presenting evidence relevant to plaintiffs' damages . . . . [E]ven if the jury finds liability, the court and parties still may save the time and expense of presenting damages evidence because the chances of settlement will increase". Raposo, *4.

Otis argues that "[w]hile saving three to four days of trial is not insignificant, it is not so compelling when balanced against the inevitable lost time in conducting two openings and closings, two charges, and twice empaneling thee jury". Otis' Memorandum of Law [89-2], p.7. However, if the same jury considers both liability and damages issues in sequential trials (as suggested by Otis), then "[c]learly, this is not a matter of true duplication because each set of opening and closing arguments and jury deliberations will pertain to different issues, that is, liability and damages." Raposo, *3. Moreover, "[a]s the same jury will be used to try both the liability and

damage phases of the action, there will be no need to have duplicative testimony, and there will be little sacrifice to efficiency, convenience or judicial economy". Witherbee, 151 F.R.D at 29 -30. Use of the same jury should allay Otis' concern of prejudice, because that jury will have heard the inconsistency (if any) between plaintiff and her expert as to how the accident occurred.

For these reasons, I conclude that separate trials on liability and damages is appropriate, provided that if the jury finds in favor of plaintiff on liability, then the damages trial will commence immediately thereafter before the same jury. *See* Buscemi v. Pepsico, Inc., 736 F.Supp. 1267, 1272 (S.D.N.Y. 1990) ("Weighing all the factors in this case, the court finds separate proceedings on the liability issue and the damages issue to be appropriate. This will result in little sacrifice to efficiency, convenience or judicial economy, and will serve the interests of justice. The same jury will be used to try both the liability phase and damages, and therefore there will be no need to have repetitive testimony. Furthermore, the only witness who will have to be called twice is the plaintiff"); Raposo, *4 ("I find that judicial economy will be enhanced by bifurcation . . . . A single jury will be utilized for both portions of this trial. During the liability phase of the proceedings, evidence relating to the injuries of plaintiff . . . will be admitted for the limited purpose of accident reconstruction. Other evidence regarding plaintiffs' injuries will be admitted during the damages phase of the proceedings. To save the inconvenience of two appearances, any expert witness testifying during the liability phase of trial may provide damages testimony at the same time, and I will give an appropriate limiting instruction to the jury").

## CONCLUSION

For the reasons and upon the conditions discussed herein, plaintiff's motion for bifurcation and separate trials [88] is granted.  A further conference will be held on January 30,

2012 at 2:00 p.m. to schedule a trial date. Counsel may participate by telephone upon advance

notice to chambers.


SO ORDERED

Dated: January 17, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge